# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**CORNELIUS BRYANT,**

       **Petitioner,**

**v.**                                                        **Civil Action No. 3:07cv102**
                                                                           **(Judge Bailey)**

**JOE DRIVER, Warden,**

       **Respondent.**

## OPINION/REPORT AND RECOMMENDATION

On August 9, 2007, the *pro se* petitioner filed an Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241, in which he challenges the Bureau of Prisons' ("BOP") decision to place him in a half-way house for only the last 90 days of his sentence. The petitioner paid the required filing fee on August 20, 2007.

On August 21, 2007, the undersigned conducted a preliminary review of the petition and determined that summary dismissal was not warranted at that time. Consequently, the respondent was directed to show cause why the petition should not be granted. On September 19, 2007, the respondent filed a motion to dismiss. After the issuance of a Roseboro Notice, the petitioner filed a response to the respondent's motion on September 24, 2007.

Upon a recent review of the respondent's motion to dismiss, the undersigned learned that the petitioner was scheduled for release to a half-way house on February 27, 2008. See dckt. 7-2 at 1. Moreover, a review of the BOP's inmate locator[1] reflects that the petitioner has in fact been released

---

[1] The Bureau's inmate locator is found at www.bop.gov.

to half-way house.[2]

Article III of the United States Constitution, limits the jurisdiction of the federal courts to cases or controversies. Therefore, a case becomes moot when there is no viable legal issue left to resolve. See Powell v. McCormick, 395 U.S. 486, 496 (1969). If developments occur during the course of a case which render the Court unable to grant a party the relief requested, the case must be dismissed as moot. Blanciak v. Allegheny Ludlum Co., 77 F.3d 690, 698-699 (3d Cir. 1996).

In his petition, the petitioner challenges the BOP's decision to place him in a half-way house for only the last 90 days of his sentence. The petitioner asserts that the rule relied on by the BOP to calculate his placement date has been ruled unconstitutional. Thus, the petitioner seeks an Order from this Court directing the BOP to consider him for more than 90 days placement in a half-way house, without reliance upon that rule. Presumably then, the relief the petitioner seeks is placement in a halfway house prior to his original placement date of February 27, 2008. Because that date has now passed, and the petitioner is already serving the remainder of his sentence in a half-way house, the Court can no longer grant petitioner the relief sought, and this case is now moot.

For the foregoing reasons, the undersigned recommends that the respondent's motion to dismiss (dckt. 7) be **TERMINATED**[3] and the petitioner's § 2241 petition be **DISMISSED AS MOOT**.

Within ten (10) days after being served with a copy of this Opinion/Report and Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections.

---

[2] The petitioner is currently incarcerated at a Community Corrections Center in Orlando, Florida.

[3] Although the respondent's motion was a motion to dismiss as moot, the respondent's motion was not based upon the petitioner's presence in a half-way house. Thus, the undersigned recommends that the respondent's motion be terminated rather than granted.

A copy of such objections shall also be submitted to the Honorable John Preston Bailey, United States District Judge. The failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket. The Clerk is further directed to provide copies of this Opinion/Report and Recommendation to counsel of record via electronic means.

DATED: April 9, 2008.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE